**Daniel Urquiza ARTEAGA, Petitioner,**

v.

**John ASHCROFT, Attorney
General, Respondent.**

No. 02–73423.

Agency No. A75–655–519.

United States Court of Appeals,
Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted Dec. 8, 2003.*

Decided Dec. 18, 2003.

Daniel Urquiza Arteaga, pro se, Newhall, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, Joan E. Smiley, Esq., Richard M. Evans, Esq., Regina Byrd, Attorney, Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

## MEMORANDUM **

Daniel Urquiza Arteaga, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and voluntary departure, and the BIA's denial of his motion to remand to apply for cancellation of removal. We dismiss in part and deny in part the petition for review.

We lack jurisdiction over Urquiza's contention that the IJ failed to consider his eligibility under the Convention Against Torture because he did not raise this issue before the BIA. *See Ortiz v. INS,* 179 F.3d 1148, 1152–53 (9th Cir.1999). We also lack jurisdiction to review the BIA's denial of Urquiza's request for voluntary departure. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

We have jurisdiction under 8 U.S.C. § 1252 over the remainder of Urquiza's petition. We review for substantial evidence the denial of asylum and withholding of removal, *Zahedi v. INS,* 222 F.3d 1157, 1162 (9th Cir.2000), and for an abuse of discretion the denial of Urquiza's motion to remand. *Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

Substantial evidence supports the BIA's determination that Urquiza did not qualify for asylum or withholding of removal. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

The BIA properly denied Urquiza's motion to remand because he did not establish prima facie eligibility for cancellation of removal. *See Pondoc Hernaez v. INS,* 244 F.3d 752, 758 (9th Cir.2001).

PETITION DISMISSED in part AND DENIED in part.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.